*728 TEXTO COMPLETO DE LA SENTENCIA
Los peticionarios, señor Adolfo Corredoira Rivero, su esposa Aidines Mercado Abréu y la sociedad legal de gananciales compuesta por ambos, nos solicitan que revoquemos la orden emitida el 2 de agosto de 2006 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la misma, dicho foro declaró no ha lugar la solicitud para que se produjeran las transcripciones de las tomas de deposición solicitadas por los peticionarios.
Por los fundamentos que expondremos, se expide el auto solicitado y se revoca la resolución recurrida.
I
Conforme surge de los documentos que obran en el expediente, el 1 de agosto de 1998, el señor Adolfo Corredoira Rivero (en adelante, Sr. Corredoira) comenzó a trabajar como empleado de Packers Provision Corp. *729 (en adelante, Packers), ocupando el puesto de “program juice supervisor”. Como parte de sus funciones, dirigía el programa de jugos de la compañía, coordinaba las instalaciones de las máquinas de jugo, visitaba a los clientes, y supervisaba al personal técnico, entre otros. En dicho trabajo se reportaba al señor José R. Díaz Canseco (en adelante, Sr. Díaz), vicepresidente de la división de “food service”. El 22 de octubre de 2003, Packers prescindió de los servicios del Sr. Corredoira.
El 10 de marzo de 2004, el Sr. Corredoira, su esposa Aidines Mercado Abréu y la sociedad, legal de gananciales compuesta por ambos, presentaron ante el Tribunal de Primera Instancia (en adelante, TPI) una demanda sobre despido injustificado y daños y perjuicios en contra Packers, Provisiones Legrand Inc. y el Sr. Díaz en su carácter personal. Alegaron que el despido del Sr. Corredoira fue injustificado. En la demanda se explica que poco después de que éste iniciara sus labores como “program juice supervisor", el Sr. Díaz le requirió que realizara trabajos correspondientes a un chofer o mensajero personal. Se adujo que como resultado de ello, el Sr. Corredoira dejó de generar comisiones, con la correspondiente merma en sus ingresos. Alegadamente, el Sr. Díaz también lo sometió a vejámenes e insultos y excluyó su participación en reuniones. Lo anterior, provocó que el Sr. Corredoira iniciara gestiones para ubicarse en la compañía de la competencia. Ello agravó la situación, hasta el punto que el Sr. Díaz intervino para impedir su contratación, amenazó con despedirlo y, de hecho, lo despidió. En la demanda, el Sr. Corredoira alegó que tiene derecho al pago de la mesada dispuesta en la Ley Núm. 80 de 30 de mayo de 1976, 29 L.P.R.A. see. 185 et seq. (en adelante, Ley Núm. 80), y a una indemnización por daños y perjuicios, las costas y los honorarios de abogado.
Packers presentó contestación a la demanda. Adujo que el despido del Sr. Corredoira estuvo fundamentado en razones legítimas, las cuales no fueron expuestas. Además, afirmó que éste recibió su liquidación. Como defensa afirmativa, señaló que el Sr. Corredoira no tiene derecho a una compensación en daños y perjuicios, ya que el remedio provisto en la Ley Núm. 80 es uno exclusivo para los casos de despido injustificado. En consecuencia, solicitó la desestimación de la demanda.
Adentrado el período de descubrimiento de prueba, el 9 de mayo de 2006, Packers presentó Moción Solicitando Señalamiento para Vista. Indicó que durante la toma de deposición del testigo Manuel Abréu Gómez, hubo un incidente en el cual la representación legal del Sr. Corredoira imputó conflicto de intereses a los abogados de la firma Manuel A. Núñez Law Ofice, representantes legales de Packers, ante la posibilidad de una representación simultánea. Ello, debido a que el Sr. Díaz había incoado una acción independiente por despido injustificado en contra de Packers. La vista se solicitó para discutir la alegación de conflicto de intereses.
Posteriormente, el 18 de mayo de 2006, la representación legal del Sr. Corredoira presentó Moción Solicitando Orden de Producción de Transcripción de Deposiciones. Explicó, que mientras se llevaba a cabo el descubrimiento de prueba del caso, el codemandado Sr. Díaz presentó una querella por despido injustificado en contra del codemandado Packers, José Ramón Díaz Canseco v. Packers Provisions, DPE 2005-0206, Sala 505 (Tribunal Superior de Bayamón)-, y que conforme surge del expediente de dicho pleito, el Gerente General de Packers, señor Javier Arango (en adelante, Sr. Arango), así como el propio Sr. Díaz, emitieron declaraciones bajo juramento durante la toma de sus respectivas deposiciones. A tales efectos, solicitó que el TPI emitiera una orden requiriendo la transcripción de las referidas deposiciones, al alegar que éstas son relevantes al descubrimiento de prueba del presente caso, así como para la vista solicitada en relación con el posible conflicto de intereses.
En cuanto a esta última solicitud, el TPI ordenó a Packers a presentar su posición y a indicar sobre la disponibilidad de dicha evidencia. Mediante Moción sobre Solicitud de Orden y en Cumplimiento de Orden del Tribunal, Packers alegó que las deposiciones solicitadas fueron tomadas como parte de un pleito independiente y que las mismas eran irrelevantes a la reclamación de autos. Específicamente en cuanto a la deposición tomada al Sr. Arango, indicó que la misma era inadmisible en el juicio, ya que dicho deponente no fue anunciado como testigo en este caso. Por último, expresó que no tenían disponibles las deposiciones debido a que no ostentan la representación legal de ninguna de las partes de dicho pleito.
*730 El 2 de agosto de 2006, el TPI emitió orden mediante la cual se expresó en los siguientes términos: “[p]or lo pronto, resolvemos no ha lugar a la solicitud para que se produzcan deposiciones”. Además, señaló la fecha de celebración de una vista para pautar los procedimientos.
Inconforme, oportunamente el Sr. Corredoira acudió ante nos señalando que:

“Erró el TPI al negarle a la parte peticionaria el derecho de obtener las transcripciones [de las] deposiciones tomadas a los recurridos del caso de autos como parte del descubrimiento de prueba. ”

Sostiene que no resultaba oneroso que la representación legal de Packers requiriera a sus clientes la transcripción de las tomas de deposición. Según alega, las mismas versan sobre asuntos comprendidos dentro del ámbito de la compañía y de la relación patrono y empleado.
En oposición, Packers señala que la expresión del TPI a los efectos de que “por lo pronto” no procede la solicitud, dejó abierta la posibilidad para que posteriormente se permita el descubrimiento solicitado. Por tanto, arguye que no es el momento apropiado para solicitar revisión de la determinación, de conformidad con la Regla 40 del Reglamento del Tribunal de Apelaciones.
II
Las Reglas de Procedimiento Civil establecen varios mecanismos para permitir a las partes “descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio”. Rafael Hernández Colón, Derecho Procesal Civil, Michie de P.R., 1997, see. 2801, página 220. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea. Rivera y otros v. Banco Popular, 152 D.P.R. 140 (2000).
Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad; y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso. Rivera y otros v. Banco Popular, supra.
Respecto al alcance del descubrimiento, el Tribunal Supremo ha adoptado la política de que dicho procedimiento debe ser amplio y liberal. Rodríguez y otros v. Syntex, Inc., 160 D.P.R. __ (2003), 2003 J.T.S. 145; Aponte v. Sears Roebuck de P.R., Inc., 129 D.P.R. 1042 (1992); Lluch v. España Service Sta., 117 D.P.R. 729 (1986); Ades v. Zalman, 115 D.P.R. 514 (1984); Rivera Alejandro v. Algarín, 112 D.P.R. 830 (1982); García Negrón v. Tribunal Superior, 104 D.P.R. 727 (1976). Esta política tiene el efecto de facilitar la tramitación de los pleitos y evitar los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. E.L.A. v. Casta Dev. S.E., 162 D.P.R. _ (2004), 2004 J.T.S. 82; Alfonso Brú v. Trane Export, Inc., 155 D.P.R. 158 (2001); Rivera y otros v. Bco. Popular, supra; Lluch v. España Service Sta., supra; Sierra v. Tribunal Superior, 81 D.P.R. 554 (1959). Además, permite a las partes precisar con exactitud los hechos en controversia, pues en nuestro sistema procesal el propósito de la demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Sierra v. Tribunal Superior, supra.
En este sentido, nuestro ordenamiento solamente establece dos limitaciones: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente a la controversia. E.L.A. v. Casta Dev. S.E., supra; Rivera y otros v. Banco Popular, supra; Medina v. M.S. & D. Química P.R., Inc., 135 D.P.R. 716 (1994); Ortiz Rivera v. E.L.A., 125 D.P.R. 65 (1989); General Electric v. Concessionaires, Inc., 118 D.P.R. 32 (1986); Rodríguez v. Scotiabank de P.R., 113 D.P.R. 201 (1982); Sierra v. Tribunal Superior, supra. Estas limitaciones surgen de la Regla 23.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 23.1, la cual dispone, en lo aquí *731 pertinente:

El alcance del descubrimiento de prueba, a menos que sea limitado de algún modo por el tribunal, de conformidad con las disposiciones de estas reglas, será como sigue:

a. En general. Las partes podrán hacer descubrimiento sobre cualquier materia, no privilegiada, que sea pertinente al asunto en controversia en el pleito pendiente, ya se refiera a la reclamación o defensa de cualquier otra parte, incluyendo la existencia, descripción, naturaleza, custodia, condición y localización de cualesquiera libros, documentos u otros objetos tangibles y la identidad y dirección de personas que conozcan hechos pertinentes. No constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.

b. Documentos, objetos y otra prueba obtenida en preparación para el juicio. Sujeto a las disposiciones del inciso (c) de esta regla, una parte podrá hacer descubrimiento de documentos y objetos que, con anterioridad al pleito o para el juicio, hayan sido preparados por o para otra parte, o por o para el representante de dicha parte, incluyendo su abogado, consultor, fiador, asegurador o agente. Estarán fuera del alcance del descubrimiento las impresiones mentales, conclusiones, opiniones o teorías legales sobre el caso, del abogado o de cualquier otro representante de una parte. Una parte podrá requerir de la otra una lista de los testigos que la parte solicitada intenta utilizar en el juicio, asi como un resumen breve de lo que se propone declarar cada uno. Igualmente, cualquier parte podrá requerir a cualquier otra que produzca copia de todas las declaraciones de testigos en poder de dicha parte. Asimismo, tanto las partes como los testigos pueden obtener copia de cualquier declaración prestada por ellos anteriormente. Para los propósitos de esta regla, una declaración prestada con anterioridad al juicio, incluye cualquier declaración escrita, firmada o aprobada por la persona que la prestó, o cualquier tipo de grabación de una declaración o la transcripción de la misma. ” (Énfasis suplido)
Para estos efectos, la “materia privilegiada” excluida del descubrimiento de prueba se refiere exclusivamente a los privilegios reconocidos en las Reglas de Evidencia. E.L.A. v. Casta Dev. S.E., supra.
De otra parte, el concepto de pertinencia”, aunque impreciso, debe ser interpretado en términos amplios. Para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia. General Electric v. Concessionaires, Inc., supra; Rodríguez v. Scotiabank de P.R., supra. El criterio de la pertinencia incluye todos los asuntos que puedan tener cualquier relación posible con la materia que es objeto del pleito, aunque no estén relacionados con las controversias específicas que han sido esbozadas por las alegaciones. El descubrimiento de prueba permite, inclusive, la entrega de material que sería inadmisible en el juicio, si éste conduce a prueba admisible. E.L.A. v. Casta Dev. S.E., supra; Alvarado v. Alemañy, 157 D.P.R. 672 (2002); Alfonso Brú v. Trane Export, Inc., supra.
Por otro lado, la solicitud de producción de documentos es uno de los mecanismos de descubrimiento de prueba regulado por la Regla 31 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 31. Este mecanismo permite que los documentos y objetos en posesión de una parte, que sean pertinentes a la solución de la controversia, puedan estar disponibles a la otra parte de manera que se eliminen las sorpresas, se simplifiquen las cuestiones planteadas y se aligeren los procedimientos. Esta regla debe ser interpretada liberalmente y exige la cooperación y buena fe de ambas partes. Cuando una parte interesa que se produzcan documentos, fotografías, o cualquier objeto que está en poder de otra de las partes o sus agentes, con el propósito de examinarlos, copiarlos o fotografiarlos, debe requerirlo por escrito. García Rivera et al. v. Enriquez, 153 D.P.R. 323 (2001).
La solicitud de producción de documentos debe identificar la documentación cuya inspección se solicita, señalándola concretamente. Dicha solicitud procede exclusivamente en cuanto a la prueba que esté en posesión de las partes, y no respecto a la prueba que pueda estar en posesión de un tercero que no sea parte del litigio. Regla *732 31 de Procedimiento Civil, supra\ Hernández Colón, Op. Cit., página 244. No obstante, existen dos formas mediante las cuales el solicitante puede examinar los documentos o traerlos ante el tribunal. Estas son: (1) notificar al tercero una citación para la toma de una deposición, y obligarlo a que traiga consigo toda aquella evidencia que interesa examinar; o (2) citar al tercero para que traiga al juicio la evidencia. Hernández Colón, Op. Cit., página 244, n. 223.
Asimismo, no es necesario establecer previamente la admisibilidad de un documento para que el mismo pueda ser objeto de descubrimiento de prueba. La admisibilidad de un documento depende, en primer lugar, de que sea pertinente bajo los principios de la Regla 18 de las Reglas de Evidencia, 32 L.P.R.A. Ap. IV, R. 18. Sin embargo, como hemos expresado, la interpretación de la pertinencia del documento, a los fines de poderlo descubrir, es más amplia que la exigida bajo las Reglas de Evidencia. Siendo así, la inadmisibilidad de algún documento en evidencia no impide necesariamente su descubrimiento. Regla 23.1 de Procedimiento Civil, supra; Rodríguez v. Scotiabank de P.R., supra. Cualquier duda sobre la pertinencia de un documento a ser descubierto, debe resolverse a favor de ésta. Este concepto de pertinencia tiene que interpretarse de manera cónsona con el principio rector de las reglas procesales; esto es, lograr la solución de las controversias de forma justa, rápida y económica. Es por ello que existe una presunción favorable al descubrimiento de prueba.
Por último debemos indicar que en la etapa de descubrimiento de prueba, los tribunales apelativos no deben intervenir con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad y que su intervención en esta etapa evitará un perjuicio sustancial. Lluch v. España Service Sta., supra.

Ill

El Sr. Corredoira alega que erró el TPI al no autorizar la producción de las copias de la transcripciones de los testimonios vertidos durante la toma de deposición del Sr. Javier Arango, Gerente General de Packers, y el Sr. Díaz, vicepresidente de la división de “food service”. Ello, en relación con el caso José Ramón Díaz Canseco v. Packers Provisions, DPE 2005-0206, Sala 505 (Tribunal Superior de Bayamón) sobre despido injustificado. Alega, que las mismas son pertinentes al caso de autos debido a que versan sobre asuntos comprendidos dentro del ámbito de la compañía y de la relación patrono y empleado habida entre el Sr. Díaz, antiguo supervisor del Sr. Corredoira, y Packers. Veamos.
En el presente caso, el Sr. Corredoira demandó a Packers por un alegado despido injustificado. En la demanda explicó que fue contratado para dirigir el programa de jugos de la compañía y que su supervisor, Sr. Díaz, le requirió que realizara trabajos correspondientes a un chofer o mensajero personal. Adujo que como resultado de ello experimentó una merma en sus ingresos. Señaló, además, que el Sr. Díaz le propinaba burlas e insultos, no le permitía participar de las reuniones, y hasta imposibilitó que éste consiguiera empleo en la compañía de la competencia. Finalmente, argüyó que éste lo despidió sin una razón justificada.
Nótese que en nuestro ordenamiento jurídico, la demanda sólo tiene que contener una relación sucinta y sencilla de la reclamación, demostrativa de que el reclamante tiene derecho a un remedio. Por lo cual, conteniendo la demanda alegaciones suficientes en derecho sobre una reclamación de despido injustificado, la transcripción de las declaraciones vertidas durante la toma de deposición del Sr. Javier Arango y del Sr. Díaz, quienes a la fecha del despido del Sr. Corredoira ocupaban los puestos de Gerente General y vicepresidente de la división de “food service” de Packers, respectivamente, son altamente pertinentes. En vista de los puestos que ocupaban estas personas dentro de la compañía demandada, ciertamente estos deponentes participaron o, al menos, tuvieron conocimiento de la decisión que culminó en el despido del Sr. Corredoira. De hecho, en la demanda se alega que el Sr. Díaz fue quien despidió al Sr. Corredoira. Es por esto que las deposiciones en cuestión podrían brindar información que aporte a la búsqueda de la verdad en lo relacionado con el despido del Sr. Corredoira. Como indicáramos anteriormente, se ha establecido que para que una materia pueda ser objeto de descubrimiento, basta con que exista una posibilidad razonable de relación con el asunto en controversia.
*733 Por su parte, Packers alega que no tiene el control de las declaraciones en cuestión, ya que fueron vertidas durante el proceso de descubrimiento de prueba de un pleito independiente sobre despido injustificado que el Sr. Díaz presentó en contra de la compañía, en el cual los abogados de la firma Manuel A. Núñez Law Office no ostentan la representación legal de ninguna de las partes.
La alegación de que la representación legal de Packers no cuenta con las transcripciones de las deposiciones solicitadas, por estos no ser los abogados en el pleito qué el Sr. Díaz lleva en contra de Packers, no es relevante. El Sr. Arango y el Sr. Díaz son oficiales de Packers, por lo que sus actuaciones son en nombre y en representación de dicha compañía. Por tanto, siendo Packers parte demandada en este pelito, y los señores Díaz y Arango representantes de la corporación, el Sr. Corredoira podía solicitar la entrega de las transcripciones de las deposiciones en virtud de lo dispuesto en la Regla 23.1(b) de Procedimiento Civil.
Por las circunstancias antes expuestas, concluimos que el descubrimiento de la transcripción de los testimonios en cuestión es pertinente a la controversia del presente caso, y por lo tanto, procede su descubrimiento. En consecuencia, incidió el TPI al declarar sin lugar la solicitud del Sr. Corredoira. Recordemos que el periodo de descubrimiento de prueba tiene como propósito la búsqueda de la verdad y en este caso los testimonios podrían arrojar luz en cuanto a las circunstancias que dieron lugar al despido, y si el mismo estuvo justificado. De igual forma, debemos resaltar que no debe constituir impedimento al descubrimiento de prueba, el hecho de que la información solicitada sea inadmisible posteriormente en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible.
IV
Por los fundamentos que anteceden, se expide el auto solicitado y se revoca la resolución recurrida. Se ordena al TPI encausar el descubrimiento solicitado por los peticionarios, objeto del presente recurso.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Mildred Ivonne Rodríguez Rivera
Secretaria Interina del Tribunal de Apelaciones
ESCOLIO 2007 DTA 13
1. Página 33 del apéndice del recurso.